**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02244-CMA-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD WILMER, and
ROCK WEISS,

    Defendants.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

This matter is before the Court on Defendant Rock Weiss's Motion to Dismiss. (Doc. # 6.)  Although Defendant filed his motion "using the Federal Rules of Civil Procedure," he did not cite the specific provision governing his motion.  (*See id.*) Regardless, the Court is unaware of any pre-trial rule that would entitle Defendant to relief on either of the grounds he asserts: (1) that "no contract of any kind" existed, as described in the Complaint (Doc. # 1), and (2) that Defendant is "not a 'person' as defined" in the Complaint (Doc. # 1).

The Government brought this case under § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9607(a), as amended by the Superfund Amendments and Reauthorization Act of 1980 ("CERCLA"), seeking to recover costs spent investigating and removing, from a residential property, hazardous wastes allegedly owned by Defendant.  The CERCLA

imposes liability on "any person who by contract, *agreement, or otherwise* arranged for disposal or treatment . . . of hazardous substances . . ." that requires the Government to incur assessment or clean-up expenses.  42 U.S.C. § 9607(a)(3)-(4) (emphasis added).

As indicated by the plain language of the statute, liability does not depend on the existence of a contract.  *See id.*  In fact, contrary to Defendant's assertion, the Government did not even allege that the defendants had formed a contract.  (*See* Doc. # 1 at 2, ¶ 6 (claiming that defendants "by *agreement* . . . arranged for the disposal of the hazardous materials") (emphasis added).)  Further, whether Defendant is a "person" as defined under the statute is, effectively, one of the central questions at issue in this case.  Unfortunately for Defendant, he must do more than simply assert–without support–that he is not such a person.

Accordingly, the Court ORDERS that Defendant's Motion to Dismiss (Doc. # 6) is DENIED.

DATED: November  30 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

2