IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02244-CMA-MJW

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

RICHARD WILMER, and
ROCK WEISS,

Defendant(s).

## ORDER REGARDING UNITED STATES' MOTION IN LIMINE
## (DOCKET NO. 56)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff United State's Motion In Limine (docket no. 56). The court has reviewed the subject motion (docket no. 56) and the response (docket no. 58). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in this civil action, the Plaintiff USA seeks recovery of costs pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9607(a), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"), and a declaration of Defendants' liability for all future response costs to be incurred by the United States in connection with the release or threatened release of hazardous substances into the environment at and from the Cherokee Print Shop Wastes Site [hereinafter "Site"] located at 4411 Cherokee Street, Denver, Colorado;

5. That on February 23, 2012, a judgment by default was entered against the Co-Defendant Richard Wilmer.  See docket no. 31. Accordingly, liability has already been determined as to the Co-Defendant Richard Wilmer and his ownership and operation of the Site.  In the remainder of this lawsuit against Defendant Rock Weiss, the trier of fact will determine whether Defendant Weiss is liable as an arranger for disposal of materials containing hazardous substances.  Moreover, the Plaintiff USA does not contend in this lawsuit that the Defendant Weiss disposed of any gasoline via the trailer that was sold to Co-Defendant Wilmer;

3

6. That in the subject motion (docket no. 56), the Plaintiff USA argues that Defendant Weiss' trial exhibits identified as Defendant's exhibits A through Y, inclusive, are all inadmissible at trial except for Defendant's exhibit "C" since such exhibits are irrelevant under Fed. R. Evid 401 and therefore are inadmissible under Fed. R. Evid. 402. See docket no. 56-1 for the list of Defendant Weiss' trial exhibits. In addition, the Plaintiff USA seeks an Order from this court striking Defendant Weiss' endorsed witness Laurianne Jackson, who is an EPA enforcement attorney who has been assigned to this matter but has no other connection to the Site, and therefore the Plaintiff USA argues that Ms. Jackson has no personal knowledge as required under Fed. R. Evid. 602 and thus is not a competent witness;

7. That Defendant Weiss has failed to demonstrate in his Objection [Response] to United States' Motion in Limine (docket no. 58) how any of his trial exhibits A through Y, inclusive, except for exhibit "C," are relevant to the issues before this court at trial under Fed. R. Evid. 401, and therefore the subject motion (docket no. 56) should be granted as to striking Defendant Weiss' trial exhibits A through Y, inclusive, excluding exhibit "C;" and

8. That Defendant Weiss has proffered, in his Objection [Response] to United States' Motion in Limine (docket no. 58), some basis to allow him an opportunity at trial to attempt to lay a proper

foundation [ i.e., a showing of personal knowledge by witness Laurianne Jackson under Fed. R. Evid. 602].  Judge Arguello will decide whether a proper foundation has been laid at trial for the testimony of Ms. Jackson.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff United States' Motion In Limine (docket no. 56) is GRANTED IN PART AND DENIED IN PART.  The subject motion (docket no. 56) is GRANTED insofar as Defendant Rock Weiss' trial exhibits A through Y, inclusive, except for exhibit "C," are STRUCK as trial exhibits and may not be used by Defendant Weiss in his case-in-chief.  The portion of the subject motion (docket no. 56) requesting that witness Laurianne Jackson be struck is DENIED.  Defendant Weiss will be given an opportunity at trial to call witness Laurianne Jackson and attempt to lay a proper foundation [ i.e., a showing of personal knowledge by witness Laurianne Jackson under Fed. R. Evid. 602].  Judge Arguello will decide at trial whether a proper foundation has been laid for the testimony of Ms. Jackson; and

2. That each party shall pay their own attorney fees and costs for this motion.

5

Done this 4th day of October 2012.

                                                BY THE COURT

                                                <u>s/Michael J. Watanabe</u>
                                                MICHAEL J. WATANABE
                                                U.S. MAGISTRATE JUDGE