**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02244-CMA-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD WILMER, and
ROCK WEISS,

Defendants.

---

## ORDER GRANTING MOTION TO STRIKE

---

This matter is before the Court on the United States' "Motion to Strike Defendant Weiss' Motion for Summary Judgment." (Doc. # 50.) On June 27, 2012, Defendant filed a two-page "Motion for Summary Judgment." (Doc. # 46.) In response, the United States filed the instant motion, arguing that:

> [D]efendant has failed to show 'that there is no genuine dispute as to any material fact [as alleged in the Complaint] and that he is entitled to judgment as a matter of law.' *See* Fed. R. Civ. P. 56(a). The defendant has not filed a "Statement of Undisputed Facts," as required by D.C.Colo.LCivR 56.1.A. and this Court's Civil Practice Standard III.G.4. Moreover, the defendant has not stated under which rule or subsection his motion . . . is filed. Civil Practice Standard III.F.

(Doc. # 50 at 1.) The Court agrees with the Government's argument – and with its request to strike Defendant's motion.

Although courts liberally construe pleadings filed by *pro se* litigants, it is not "the proper function of the district court to assume the role of advocate . . . ." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In the instant case, Defendant has failed to present a motion to which the United States can properly respond or upon which the Court can properly rule.

Moreover, assuming, as is apparently the case, that Defendant brought his motion under Fed. R. Civ. P. 56(a), the Court would be required to deny it based on Defendant's contemporaneous assertions to the Court. Rule 56(a) states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Defendant has asserted that "[t]here are significant genuine issues of material fact . . . associated with and directly relevant to" the United States' claims "as well as Defendant Weiss' defenses to the claims and allegations [the United States] has asserted against him." (Doc. # 41 at 10.) In fact, in another filing, submitted the same day as his motion for summary judgment, Defendant reaffirmed his prior assertion that "this matter will only be justly adjudicated by and through a process of continuing litigation in which both parties have an opportunity to complete the discovery process, present their fully-developed claims and defenses for proper consideration by the Court, and avail themselves of the Court's interpretation and application of key elements of the laws that govern the issues that are at the heart of this case." (Doc. # 45 at 6; *see also* Doc. # 41 at 11.)

Accordingly, it is ORDERED that the United States' "Motion to Strike Defendant Weiss' Motion for Summary Judgment" (Doc. # 50) is GRANTED. As such, Defendant's "Motion for Summary Judgment" (Doc. # 46) is hereby STRICKEN.

DATED: November   30  , 2012

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge