IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02244-CMA-MJW

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

RICHARD WILMER and
ROCK WEISS,

Defendant(s).

---

**RECOMMENDATION ON
MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF UNITED STATES
(DOCKET NO. 40)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to the undersigned pursuant to an Order Referring Case issued by Judge Christine M. Arguello on September 1, 2011 (Docket No. 2), as amended on July 2, 2012 (Docket No. 47).

In this civil action, Plaintiff United States of America (hereinafter "Plaintiff") seeks recovery of costs pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9607(a), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"), and a declaration of defendants' liability for all future response costs to be incurred by the United States in connection with the release or threatened release of hazardous substances into the environment at and from the Cherokee Print Shop Wastes Site

[hereinafter "Site"] located at 4411 Cherokee Street, Denver, Colorado. On February 23, 2012, a judgment by default was entered against defendant Richard Wilmer. (See Docket No. 31). Accordingly, liability has already been determined as to Wilmer and his ownership and operation of the Site.

Now before the court for a report and recommendation is a Motion for Summary Judgment [against co-defendant Weiss] by Plaintiff United States (Docket No. 40). Weiss filed a response (Docket No. 41), plaintiff filed a reply (Docket No. 42), and Weiss filed a sur-reply (Docket No. 45). The court has carefully considered these motion papers as well as the court's file and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed, makes the following findings, conclusions of law, and recommendation that the motion be denied because there is a genuine dispute as to whether Weiss is an arranger for the disposal of materials containing hazardous substances.

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the

3

opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . . The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or

4

surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since defendant Weiss is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

In its motion, plaintiff asserts that section 107(a)(3) of CERCLA, 42 U.SC. § 9607(a)(3), imposes liability on a person who arranges with the current owner and operator of a facility and the owner and operator of the facility at the time of disposal of hazardous substances. Section 107(a)(3) provides in pertinent part:

> (a) . . . Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --
>
> . . .
>
>> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances . . .
>>
>> from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for
>>
>>> (A) all costs of removal or remedial action incurred by the

> United States Government . . . not inconsistent with the
> national contingency plan[.] . . .

42 U.S. C. § 9607(a).  Thus, plaintiff asserts that a defendant is liable under this section if the following elements are established: (1) the Site is a "facility" as defined in § 101(9) of CERCLA, 42 U.S.C. § 9601(9); (2) there has been a release or threatened release of a hazardous substance from the Site; (3) the release or threatened release has caused the United States to incur response costs; and (4) the defendant is a "covered person" under § 107(a) of CERCLA.  (Docket No. 40 at 12-13) (citing United States v. Hardage, 761 F. Supp. 1501, 1508 (W.D. Okla. 1990)).  Furthermore, according to plaintiff, among the class of potentially responsible parties is any person who arranges for disposal of any materials containing hazardous substances at a facility, as provided under § 107(a)(3). (Docket No. 40 at 13, citing id., United States v. Monsanto Co., 858 F.2d 160, 166-71 (4th Cir. 1988); United States v. Stringfellow, 661 F. Supp. 1053, 1059 (C.D. Cal. 1987); United States v. Bliss, 667 F. Supp. 1298, 1304 (E.D. Mo. 1987); Violet v. Picillo, 648 F. Supp. 1283, 1289 (D.R.I. 1986)).

Plaintiff asserts all of these elements were met, including the fourth, that Weiss sent liquids containing hazardous substances to the Site, which were released into the environment there.  (Docket No. 40 at 16).   Plaintiff asserts:

> [o]n this motion, the Court need not reach any novel issues in interpreting the scope of arranger liability.  Defendant Weiss does not contest that he sold a semi-trailer, at a discounted price because it contained numerous containers of print shop liquids, to Defendant Wilmer, who was the owner of the Site and who unloaded the containers transported in the semi-trailer to on the Site.  Undisputed Fact Nos. 3, 4, 6, 7.  Thus, there is no question about the fact that during the period when Richard Wilmer owned the Site, containers of

6

> printing liquids left in the semi-trailer sold by Weiss, were unloaded at the Site. Many of these containers were damaged and released or threatened release of the contents into the environment at the Site. The contents contained "hazardous substances" under CERCLA, listed at 40 CFR 302.4 (Table 302.4: List of Hazardous Substances), including: unlisted hazardous wastes characteristic of corrosivity, unlisted hazardous wastes characteristic of ignitability, lead and carbon tetrachloride.  *See* Undisputed Fact Nos. 19 and 20.  Therefore, the defendant is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), and the United States is entitled to judgment as a matter of law that the defendant is strictly and jointly and severally liable for all federal response costs incurred in response to the release, or threat of release, at the Site.

(Docket No. 40 at 16-17).  Furthermore, plaintiff asserts in the introduction to its motion that

> there is no genuine issue of material fact regarding Defendant Rock Weiss' liability, as an arranger for the disposal of materials containing hazardous substances, as prescribed by section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).  Mr. Weiss' Answer and the jointly prepared Scheduling Order affirm sufficient facts to establish his liability for all costs incurred and to be incurred in connection with the Site.  Furthermore, **in recent testimony, Mr. Weiss admitted sending liquids in numerous containers to the Site**, in a semi-trailer that he sold at a discounted price to Defendant Richard Wilmer.  **The discounted price reflected Mr. Weiss' willingness to pay for the disposal of the liquids.**  As a result of this disposal, hazardous substances were released and threatened to be released into the environment at the Site.

(Docket No. 40 at 1-2) (footnote omitted) (emphasis in bold added).

Plaintiff has submitted only one page of the transcript of Weiss's bankruptcy deposition in support of its contention that Weiss admitted sending liquids in numerous containers to the Site.  In that one transcript page, however, Weiss did not make such an admission, and plaintiff has submitted no evidence that Weiss sent the liquids to the Site.  Instead, the transcript page merely shows that Weiss

testified that he "sold a trailer to a schmuck, so I'm in trouble," knew Wilmer for "about five minutes," entered into this transaction with Wilmer after Wilmer saw Weiss's ad on Craigslist that said "Trailer for sale, with or without contents" – which he thought "was 900 without contents and 300 with – or 600 with" – less with contents. (Docket No. 40-2 at 3). Weiss is then asked why he would take less with contents, but the one transcript page does not contain the answer to that question. Plaintiff has submitted no evidentiary support for its inference regarding the purported reason plaintiff sold the trailer and offered to do so at a reduced price if the contents were included.

In his Response, Weiss asserts that plaintiff's arguments are "acts of poetic license" that "are clearly an attempt by Plaintiff to frame [him] forthright and innocently unassuming statements and admissions in such a way as to not only strip them of his true meaning and intent in making them, but to impart meaning, intent and culpability that serve the interests and agenda of Plaintiff in its efforts to impose a crippling and totally unwarranted economic burden upon [him]." (Docket No. 41 at 2). Weiss further argues:

> In point of fact, as evidenced by documents filed with the Court to date by Defendant Weiss, as well as testimony given during the discovery phase of these proceedings, he has admitted no such things. What he has admitted is that in 2006 he sold a trailer containing inks and other materials used in screen and offset printing, to a person previously unknown to him who not only indicated that he had a background in and/or a strong interest in the printing trades, but who also stated to Defendant Weiss that it was his intention to transport and store said materials in full compliance with applicable law, and to either use them himself in future lawful printing-related endeavors or lawfully sell them and reap a financial reward on his investment. At no time during the course of the discussion that took place between Defendant Weiss and the buyer of the trailer prior to the

> sale, was there any discussion of or agreement pertaining to disposal (which in this context Defendant Weiss understands to mean 'discarding' or 'throwing away') of the materials in question. Nor, has there been one iota of independently verifiable evidence presented in this case to date, to the effect that Defendant Weiss has at any time prior or subsequent to the sale of the trailer, had knowledge or expectation of any intent, design or plan on the part of the buyer, to dispose of the materials that were purchased along with the trailer, buy any means whatsoever ... lawful or unlawful.
>
> Plaintiff also alleges in its Motion that the fact that the trailer in question was sold at a discounted price 'reflected Mr. Weiss' willingness to pay for disposal of the liquids'. Not only is this a patently and demonstrably false assumption on the part of Plaintiff, it flies in the face of factual accounts of the sale of the trailer and its contents, repeatedly provided to date by Defendant Weiss, in which he has made it perfectly and plausibly clear that his motivation for discounting the trailer was to effect a quick sale that would enable him to comply with the pressing demands of the management of the storage facility in which it was located and to whom he was substantially delinquent in storage payments; and, to provide a meaningful financial or 'use value' incentive to the new owner of the trailer in consideration of him (the new owner) doing the work that might be necessary to remove the materials from the trailer and lawfully store them at a place of his choosing, for future lawful use or sale.

(Docket No. 41 at 2-3). Weiss asserts that plaintiff's assertion that he was an "arranger" in connection with the unlawful disposal of hazardous materials at the Site is a "grandiose distortion of the facts in this case," claiming he did not "'arrange' for anything other than the perfectly lawful sale of a trailer and certain materials used in the printing trades, to an interested buyer who stated his seemingly sincere intention to take possession of, transport, store and use said materials in a lawful fashion. Plaintiff has not presented any independently verifiable evidence whatsoever that the transaction in question was not effected in the exact manner and with the exact understandings repeatedly articulated to date by Defendant Weiss." (Docket No. 41 at 4).

Weiss also notes that the "environmental incident" plaintiff is seeking to hold him financially responsible for occurred approximately 3.5 years after he sold the trailer, and during that interim time, he had no contact with the buyer of the trailer and did not exercise any knowledge or control over the buyer's decisions or actions where either the trailer or the hazardous materials were concerned. "Nonetheless, Plaintiff is going after Defendant Weiss for more than $125,000 on the highly imaginative theory that he directly and purposefully 'arranged' for what happened."

Weiss asserts that in Burlington Northern & Santa Fe Ry. Co. v. United States, 129 S. Ct. 1870 (2009), the Supreme Court, *inter alia*, narrowed the scope of "arranger" liability by focusing on the intent of the party alleged to be liable. In addition, plaintiff notes the ruling by the Third Circuit in Morton International, Inc.v. A.E. Staley Manufacturing Co., 343 F.3d 669 (3rd Cir. 2003), that "the analysis of 'arranger liability' under Section 107(a)(3) should focus on these principal factors: (1) ownership or possession of a material by the defendant; and (2) the defendant's knowledge that the processing of that material can or will result in the release of hazardous waste; or (3) the defendant's control over the process. A plaintiff is required to demonstrate ownership or possession, but liability cannot be imposed on that basis alone. A plaintiff is also required to demonstrate either knowledge or control."

In reply, plaintiff contends that Weiss merely offers "unsupported, self-serving hearsay to dispute the facts of the transaction. . . He does not rely on or refer to any records or witness statements when asserting that the buyer, Defendant Richard Wilmer, had agreed to 'transport and store said [contents] in full

compliance with applicable law and to either use them himself in future lawful printing-related endeavors or lawfully sell them and reap a financial reward on his investment.'" (Docket No. 42 at 2). In addition, plaintiff asserts that Weiss's response fails to meet the procedural requirements of Rue 56, D.C.COLO.LCivR 56.1.C.1, and the court's Civil Practice Standards at 4 requiring that factual disputes must be supported by reference to record materials. Furthermore, plaintiff contends that plaintiff has not refuted any of the government's undisputed facts and has not offered any record materials or admissible evidence to establish a disputed fact. Plaintiff argues that "[i]t is fair to conclude that there is no evidence to support the defendant's assertions. He does not suggest that there is or that he could adduce any relevant, admissible material. Indeed, he has not asserted that further discovery would, or could, reveal facts, for example, of his claim of a stated, mutual understanding with Mr. Wilmer regarding the handling, storage and disposal of the print shop liquids.'" (Docket No. 42 at 2).

This court, however, agrees with defendant Weiss that there is a genuine dispute of material fact - one that is central to plaintiff's claim against him but also is a fundamental element of plaintiff's motion for summary judgment - namely, whether Weiss was "an arranger" in connection with the alleged unlawful disposal of hazardous materials at the Site, including whether he had knowledge or control. Plaintiff's conclusion that Weiss is an "arranger" is based upon its unsupported assertion that Weiss sent materials to the Site and upon its inference regarding Weiss's intent for selling the trailer for less with contents included. Contrary to plaintiff's inference about the reason for selling the trailer for less with the contents

11

included, Weiss asserts that he was in arrears with a storage facility, was being subjected to intense pressure over his bill, and in order to comply with the urgent demands of the facility's management, he innocently and in good faith sold a trailer filled with printing inks, offering a price incentive in consideration for completion of the sale quickly and the buyer doing the work necessary to lawfully remove the inks from the trailer and lawfully storing them until sold or used. Weiss has submitted a copy of a Notice and Summons to Appear for Trial to show that he was a defendant in Small Claims Court action brought by Alpine RV Storage for failure to pay for storage of his trailer. (Weiss Ex. A, Docket No. 45 at 8). The relief sought was removal of the trailer and payment of unpaid storage fees and late fees.

"[O]n summary judgment, the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Colony Ins. Co. v. Burke, 698 F.3d 1222, 1237 (10th Cir. 2012) (quoting Shero v. City of Grove, 510 F.3d 1196, 1200 (10th Cir. 2007)). Viewing the underlying facts in such a manner, this court concludes that plaintiff's summary judgment motion should be denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion for Summary Judgment by Plaintiff United States (Docket No. 40) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

12

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: January 16, 2013  
      Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge