**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02244-CMA-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD WILMER, and
ROCK WEISS,

Defendants.

---

**ORDER RESERVING RULING ON DEFENDANT'S AMENDED MOTION FOR ADMISSION OF OVERSIZE EXHIBIT**

---

This matter is before the Court on Defendant Rock Weiss's Amended Motion For Admission of Oversize Exhibit. (Doc. # 84.) In his motion, Defendant seeks to have admitted into evidence a video recording of a demonstration, to be conducted in the presence of Plaintiff and Plaintiff's expert, purporting to show that the hazardous materials at issue in this case were useful products at the time of their transfer to former co-Defendant Richard Wilmer. (*Id.*) In response, Plaintiff argues that there is no evidence that the materials to be used in Weiss's demonstration are comparable (*i.e.*, the same type, age, and condition) to the chemicals at issue in this case. (Doc. # 85.) Thus, Plaintiff argues that this demonstration is irrelevant to whether the hazardous materials transferred to Wilmer were useful materials or waste and is, therefore, likely to

confuse the issues before the Court. (*Id.*) In addition, Plaintiff argues that this demonstration is "highly prejudicial." (*Id.*)

At trial, Defendant is expected to provide testimony that the chemicals in his proposed demonstration are comparable to those contained in the trailer. At such time, Plaintiff will have the opportunity to question Weiss about the nature of the chemicals and to present evidence challenging the claim that the chemicals are comparable. Indeed, Plaintiff intends to have its own expert witness present during Weiss's demonstration for this very purpose. (Doc. # 82 at 2.) Because the issue of whether the chemicals at issue were useful or waste is material to the disposition of this case, the Court **may** allow Defendant to admit the video demonstration into evidence after judging his credibility and weighing any countervailing arguments and evidence presented by Plaintiff.

The Court is cognizant of Plaintiff's concerns regarding unfair prejudice and confusion; however in the context of a bench trial, the need to exclude evidence for these reasons is greatly lessened. *See United States v. Kienlen,* 349 F. App'x 349, 351 (10th Cir. 2009)(unpublished) ("For a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences")(citing *Gulf States Utils. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519 (5th Cir. 1981)).

For these reasons, the Court reserves ruling on Defendant's demonstrative exhibit, subject to Weiss laying a proper foundation and establishing its authenticity through testimony at trial.

Accordingly, it is ORDERED that the Court RESERVES RULING on Defendant's Amended Motion For Admission of Oversize Exhibit (Doc. # 84).

DATED:  March    22   , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge