IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02244-RM-MJW

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

RICHARD WILMER, and
ROCK WEISS,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

  It is hereby ORDERED that Defendant Weiss' Motion to Amend Final Pretrial Order (docket no. 102) is GRANTED for the following reasons. The Final Pretrial Order (docket no. 62) is amended STRIKING paragraph 4. STIPULATIONS in its entirety.

  The Complaint (docket no. 1) was filed with this court on August 26, 2011. Defendant Weiss has been representing himself *pro se* from the beginning of this case until counsel Glenn H. Lenzen, David S. Steefel, and Sudee Mirsafian Wright entered their appearances on April 1, 2013. See docket nos. 97, 98, and 99. Counsel for Defendant Weiss did not draft or prepare the Final Pretrial Order (docket no. 62) that was entered by this court on November 27, 2012. Instead, Plaintiff drafted and prepared the Final Pretrial Order, noting that Defendant Weiss was representing himself *pro se* at the time. It is clear that Defendant Weiss is an unsophisticated litigant who is not trained in the law, and I find that he did not realize the legal consequences of actions when he was confronted by Plaintiff with those STIPULATIONS numbered 1 through 27, inclusive, outlined in paragraph 4. captioned STIPULATIONS in the Final Pretrial Order (docket no. 62). Furthermore, I find that these STIPULATIONS [numbered 1 through 27, inclusive] relate to issues that are clearly disputed in this case by Defendant Weiss. Lastly, I find that the Plaintiff [Government], which has the burden of proof, should be required to prove that the materials on Co-Defendant Wilmer's property in 2009 were those sold by Defendant Weiss in 2006, that the materials had no value or use when Defendant Weiss sold them to Co-Defendant Wilmer in 2006, and that Defendant Weiss intended to dispose of them in violation of CERCLA when he sold them to Co-Defendant Wilmer in 2006. Accordingly, based upon these findings and the cases of Meno v., FedEx Corporate Servs., Inc., No. 11-cv-00874-CMA-MJW, 2012 WL 3038724, *1 (D. Colo. July 25, 2012), and Lozaya v. Garrou Const., Inc., No. 04-cv-

02569-WDM-MEH, 2006 WL 2331081, *2 (D. Colo. Aug. 10, 2006), the subject motion (docket no. 102) should be granted in order to prevent manifest injustice consistent with Fed. R. Civ. P. 16(e).

Date:  June 14, 2013  _____